Thomas James Sheely, and we'll hear first from Brenda Brinn. Good morning. May it please the court, Brenda Brinn from the Federal Defender's Office on behalf of Thomas Sheely. Our argument in this case is that notwithstanding Vail Bayon, Florida felony battery is not a crime of violence within the elements clause in light of the intervening decision in Borden. In the last several years, in Carter, Summers, more recently in Solomon and Lightsey, the court has had to reconsider longstanding categorical approach circuit precedents in light of intervening in quite seminal Supreme Court decisions clarifying the proper methodology for the categorical approach for the federal elements clause. In each of these cases, the court has either explicitly or implicitly acknowledged that circuit precedent on a particular prior did not engage in the precise type of analysis the Supreme Court has subsequently required for the elements clause. So what is that analysis here? In Borden, and specifically page 438, the court explained. Well, it's the essential argument you're making that we're bound by Borden rather than Vail Bayon or that Vail Bayon did not decide this case. It's sort of two alternative hypotheses there. Well, we are bound by Borden because that's the Supreme Court's most recent decision. How does Borden bear on this case? Borden makes clear, and at this page, if I may just read that one sentence because I think it encapsulates our argument. Page 438, the court says, elements clause crimes are best understood to involve not only a substantial degree of force, but also a purposeful and knowing mental state, a deliberate choice of wreaking harm on another rather than mere indifference to risk. So the court's narrow holding is that a crime with a mandrea of recklessness does not satisfy the elements clause. So here's, I mean, you've probably read my dissent in Vail Bayon, so you know what I  I also think that, if we were writing on a clean slate, I should say, but I also think that Vail Bayon probably continues to bind us. And the reason is that in order for Mr. Sheely to be right, I think Justice Thomas's dissent, or concurrence rather, would have to be something that the whole court adopted. That is, that you'd have to find that in order to establish that a prior conviction was a qualifying one, that you had to intend to the harm. And that's basically what I understand Justice Thomas's position to be. And I don't think that the majority adopted that position. I think the problem here is that we found in Vail Bayon that you have to have an intent. You have to have an intent to do the touch, right? And because the harm that has to result from it is capable of, is the kind of harm that is serious harm, then it has to be a touch that is capable of creating that kind of harm. And so I just, I'm not seeing how Borden abrogates Vail Bayon. But I could be missing something, so I want to give you a chance to explain.  We'll start with your first point, Judge Rosenbaum. Justice Thomas did not hold in his concurrence that the mens rea for the Elements Clause requires purposeful action. It said an intent to do harm. And he has confirmed, both subsequently and previously in Voisin, which was a case that Your Honor relied on in your dissent, that basically, knowingly, is also like a stand-in for intent. Both of these two mens rea require either an intent to cause the harm or a subjective awareness that the harm is practically certain to occur. And that's why the court says that both of these require a deliberate choice to wreak harm. Now, in Vail Bayon, the court adopted the force-capable standard, which was set out, and Curtis Johnson said it applies to the level of harm determination. And we are not contesting that that aspect of Vail Bayon is still good law. I mean, I disagree with it for the reasons that you pointed out. But that is still law. Well, what do you see as the holding in Borden? The holding of Borden is that reckless crimes are out and purposeful and knowing crimes are in. And what is the definition of both a purposeful and knowing crime? One that requires awareness of the harm. The court adopts, for the first time for the Federal Elements Clause in Borden, the Model Penal Code definitions of mens rea. The court did that in Voisin for 922 G9. But Voisin left open the Federal Elements Clause. That wasn't before it. So now we have the continuation of this embracing of the hierarchy set forth in the Model Penal Code, those mens rea, for the Elements Clause. In each one of the definitions, and that's at page 426 to 427 of Borden, each one of those definitions is defined in terms of either awareness of harm or awareness of risk. Recklessness is awareness of the risk. And purposefulness and knowingly are both defined in terms of awareness of the harm. And that is Justice Thomas's view as well. He is not out there. He is in a court. The only dispute between Justice Thomas and the plurality is the text. Does this mens rea come from use alone? Or does it come from use plus against the person of another? That's the dispute. It's a textual one. It is not as to what is the basic mens rea of the Elements Clause, or that there must be a mens rea analysis for every Elements Clause crime. So in Vail Bayon, the court did not do step two. It only did step one. The level of force. So if that remains the law, and the court has subsequently confirmed that causation of an injury is physical force, that doesn't answer whether it is... Help me with Summers. Does Summers help us at all in understanding how we are supposed to read Borden? Yes, absolutely, because in Summers, the court construed Borden, first of all, to say that more than a volitional act is required. Well, as Judge Rosenbaum just said, the touching is the volitional act. And the court then said, there must either be specific intent, purpose, or knowing conduct. So the court sent the case to the Florida Supreme Court and said, does Florida aggravated assault require an intentional threat? And the court said, yes. So that resolved the case. But it was clear after Borden that a volitional act is no longer sufficient, that there is a step two to the analysis. The court recognized that in Carter as well. And that requires some mens rea as to the result. And Borden, in embracing the model penal code definitions, if you read them, each is defined in terms of mens rea. If there is a causation of harm element in the offense, and there is here, then the mens rea for that element requires awareness of the harm. And as per Borden, awareness of a risk of the harm is not enough. But it can't be that we're not going to even consider mens rea as to the harm element, as long as you know that you're touching someone. Let me go back to Vail Ballon, if I can. Wasn't your argument about mens rea before the Enbaum court in Vail Ballon? Yes, I made this argument. I cited, in my brief, Leocal and Voisin. It was in a footnote. Voisin had just come out. Judge Rosenbaum then, in her dissent, cited what she referred to, I think appropriately, as the trilogy of use cases, starting with Leocal, Castleman, and Voisin. The majority never mentioned Voisin, never mentioned the trilogy, never mentioned the dissent, and never mentioned my actual mens rea. Even if they didn't say anything expressly, help me understand. Was it implicit in the holding? It was not. Why not? The holding of Vail Ballon is that this case stands or falls with Curtis Johnson. And actually, that was the approach of the primary dissent in Vail Ballon as well. Curtis Johnson is the beginning and the end of the discussion. And it was the same for the majority in Vail Ballon. The last portion of the decision, section three, where in Vail Ballon, after the court has reached its conclusion based on the definition of Curtis Johnson and a finding that the level of force is sufficient as for Curtis Johnson, the court says our conclusion is consistent with Leocal. Now to me, looking at the structure of the decision, that was not necessary to the court's holding already, which was based on Curtis Johnson. Level of force, not use of force, whether force capable, this is force capable, is this physical force. The definition of the type of force required for the elements clause. And even if you look in that last section of Vail Ballon, the court did not engage with the mens rea argument. The court mentioned Leocal, and the court distinguished the offense in Leocal by saying, well, there was no physical force in Leocal, and that was the concern in Leocal. But that wasn't actually the concern in Leocal. The concern in Leocal was mens rea. And the question was use, use against the person of another. You don't even see against a person of another in that part three of Vail Ballon. So even though Leocal is mentioned, I would say number one, it's dicta. Number two, if it is a holding, it is a holding about force. It is not a holding about mens rea. And if it could ever be construed without even referencing my argument or engaging with the defense that this was somehow a holding on mens rea, I believe that holding was abrogated by the subsequent decision in Borden. All right, thank you, Ms. Brin. You've reserved five minutes for rebuttal, and we'll hear next from Mr. Doty. Thank you, Judge Rosenbaum. May it please the court. Jed Doty on behalf of the United States. This appeal requires you to decide whether Florida felony battery is a crime of violence under the sentencing guidelines. Of course, that is precisely the issue that this court decided in Vail Ballon. And respectfully, this panel is bound by that holding. Can I ask you a question? Did we really address the mens rea factor in Vail Ballon? Absolutely. As my friend just acknowledged, it was briefed, it was argued, it was certainly the centerpiece of Judge Rosenbaum's dissent. And it is why Leocal has an entire section in the opinion. And in fact, Vail Ballon says at page 1307, quote, by its terms, Florida statute section 784.041 requires an intentional use of force. And that isn't dicta, and I'm not clear why it could be dicta, because the issues in the case- Well, that's a different question, though, right? I mean, everybody agrees that Vail Ballon says that the statute requires an intentional use of force. It's an intentional touch. The question, though, that I think Ms. Brin is bringing up is whether the Borden line of cases requires a separate mens rea inquiry into the, for lack of a better word, the harm that is going to be caused by the force. That is, does the person knowingly, or if not knowingly, maybe recklessly, which obviously wouldn't work, intend for the harm to result when they engage in the intentional touch? Yes, I would say several responses. First, I thought specifically in the reply brief that my friend had disclaimed any argument at page three that Borden abrogates or overrules Vail Ballon, so I'm a little confused by that. However, it doesn't really matter because, I mean, for several reasons, this is not, as Judge Marcus said in Summers, Borden says nothing about specific intent. It is not a specific intent case. And perhaps more importantly, the elements clause. The text of the elements clause is not specific intent. All it talks about is having force against another. And when you read Vail Ballon, that is precisely the holding of that case. And respectfully, this panel is bound by that holding. But the majority in Vail Ballon did find that. And, I mean, I think it's definitely also the case that, you know, Justice Thomas, it would be odd, I think, to say that, you know, he thinks that felony battery is not a crime of violence. I mean, after all, he was a dissenter in Curtis Johnson. So he thinks that simple battery in Florida is a crime of violence. So I don't exactly know how he can be cited for being of the view that felony battery is not a crime of violence. Is somehow not a crime of violence. Well, I mean, he's got a separate concurrence anyway. And basically, the way I understand his argument and his concurrence is that you have to have intended the harm, right? You have to have intended the harm. Maybe I've misunderstood. No, I think that's right. I think he has an idiosyncratic view of harm, I think, is the thing. So I think he thinks mere touching is harm, which is how he gets to Justice Alito's dissent in Curtis Johnson. All I am saying is... Right. So, but that's not a position, it doesn't seem to me, that the plurality adopted.   But there is, I mean, this court has said very clearly that we respect precedent until it is clearly abrogated or overruled. And at best, we are reading tea leaves in Borden to undermine or contradict Vale Bailon. And I just don't think that's appropriate. And again, I don't think those tea leaves get there. Vale Bailon was direct on this point. And Borden is not a case that abrogates it in any way. It doesn't talk about specific intent. And it's perfectly consistent with Vale Bailon. The point is that under this Florida statute, you have to intend force. And the Supreme Court has made clear, just last term in Delegati, that force that causes injury is... A touch that causes injury is violent force. So I think, if anything, the Vale Bailon majority has been vindicated by the Supreme Court in recent terms. And again, I just think, you know, obviously this court will have to decide how to treat prior penal precedent. But this case, this issue was briefed in Vale Bailon. It was decided. It was discussed in your dissent and in the majority. And I don't see a reason why it shouldn't be binding here. To the extent you say it was discussed in the majority opinion, I take it we will find that in the discussion of Leocal? Correct, yes. There's no other reason for the majority to discuss Leocal. That is the purpose of discussing Leocal. And it is in that context where they say that this is an intentional act. An intentional act of force. And I mean, I suppose, I mean, it's not clearly why it would be dictative. Because again, the whole issue in Vale Bailon was whether or not Florida felony battery is a crime of violence under the sentencing guidelines. If for some reason the majority thought that you needed specific intent and that that would sort of nullify this being a crime of violence, that would be far from dictative. That would have given Vale Bailon relief from this enhancement. Let me ask you a slightly different question. I want you all to assume for the purpose of my question that Ms. Bryn is right. That Vale Bailon does not foreclose Sheely's claim. And that in any event, Borden abrogates it. And we were just writing on a clean slate. Assuming we're not bound by Vale Bailon, does a violation of Florida's felony battery statute qualify as a crime of violence under 4B1.2 of the guidelines? Yes, I believe it does, Judge Martin. Tell me why. Lay out the argument. And to be clear, I believe there's no escaping that you'll have to go through the same steps that the majority of Vale Bailon did. I take your point. I understand, but let's just assume we're writing on a blank slate. Exactly, but you'd still have to go through the same analysis. That's what I'm asking you to do, counsel. Exactly, and so the question is, what is, there's two elements. We know from your opinion in Summers and from Borden, it needs more than recklessness. But this statute does have that because it's an intentional touch. The next question then is, is that force? Again, just last term in Belligotti, the Supreme Court said, and this is the same analysis that was in Vale Bailon, that any action that results in injury is an action of physical force. And so when you combine those two things, of an intentional touch and a touch that results in injury, being an act of physical force, that gets you to the same place. So obviously, I mean, I think it's every advocate's goal to be able to cite to en banc opinion in this case to say it's directly on point. That's very helpful to us. We actually don't even need Vale Bailon because the reasoning is exactly the same. So I think we come out in the same place either way, Judge Marcus. Thank you. If the panel has no further questions, we rest on our briefs and we ask that you affirm the sentence below. Thank you. All right, thank you, counsel. We'll hear again from Ms. Brin. Ms. Brin. The statute involved in Delegati required the intentional or knowing causation of serious bodily harm or death. So there is no way that Delegati can be read to confirm that the unknowing and unintentional causation of harm also meets the Elements Clause. That's just an overreading of the case. I will signal to you footnote five in Delegati where Justice Thomas said the author of this opinion in Borden agreed that purposeful and knowing conduct. So even though he used the word intent to harm, that encompassed both purposeful and knowing. So if that was not clear from that brief statement in Borden, I think footnote five confirms it. And if you look at his entire dissent in Voisin, which he effectively incorporated into his concurrence in Borden, he says the same thing over and over. Purpose and knowing, mens re, are sort of the same. They both require deliberate conduct and that is distinguished from recklessness. Again, the only dispute in Borden was the text. Where are we hinging that we agree that this is the mens rea, recklessness. Purposefulness and knowing conduct, and not knowing conduct, let me just say. Purposefulness and knowingly is in, recklessness is not. But what is the knowledge as to? Is it knowledge as to the conduct alone or as to the result? And if you look at Justice Thomas's dissent, he is explaining that there is one mens rea for the conduct and one as to the result. And that's clear from the model penal code, which Borden finally embraces explicitly for the Federal Elements Clause. There's no dispute. We're not talking about specific intent or any of those common law concepts anymore. We're going with the modern definition of mens rea. That is what's used in most statutes. That's what the Supreme Court is concerned about. And the Elements Clause was written with that in mind. So those concepts themselves make clear that it is insufficient, as the plurality said, just that there be a substantial level of force. There must also be mens rea as to the consequences of the force, and there must be an intent or knowledge that one's actions will wreak harm. That is the analysis that was not done in Veil Bayon. So yes, it's true in my brief, perhaps I was saying two things. I said that Veil Bayon did not reach this mens rea issue. I didn't say I didn't argue it. I did, and you argued it, Judge Rosenbaum. But the majority did not engage with the mens rea argument, even though it tried to distinguish lea cal. And it distinguished lea cal by saying there was no force used in lea cal. There was no, and what Your Honor said, and it is so true, that if causation of injury alone established that level of force, then lea cal wouldn't have reached the result that it did. And Palomino-Garcia would not have reached the result that it did. The level of force, we know, if it was not clear, and it wasn't clear before, but it is clear now, the level of force is a sine qua non of the enhancement, but is not the only one. There are two. And just as the court in Leitze held in abrogating Lockley and Joyner, by saying that Taylor established a new methodology for the elements clause, and our prior precedent didn't ask the relevant questions, so too in Veil Bayon. The majority did not ask the relevant questions. Judge Rosenbaum raised the relevant question. I believe in part one of your dissent that actually no one on the court, even the other dissenters, did not join. You said an intent to act is not enough. There also must be mens rea as to the harm. Maybe there was some confusion still at the time whether this mens rea came from the word use or whether it came from against another. And that truly does not matter. That's still an open question, the textual anchor for that. But what is clear is that purpose and knowledge are required and what is that purpose and knowledge to? It's as to both the conduct and the result. And in this case, and we do not see this analysis anywhere in the Veil Bayon majority decision, there is no finding that purpose or knowledge is required as to the result in felony battery. And the court couldn't make that finding because by definition, the crime occurs because the harm is unintentional and unknowing. And that is the only thing that distinguishes it from aggravated battery. All right, thank you very much, counsel. Thank you. I ask the court to reverse. Thank you very much. Thank you. We'll hear next the case of.